## CRAWFORD *et al. vs.* TRIBBLE, ORDINARY, FOR USE.

SUIT ON ADMINISTRATOR'S BOND, FROM HABERSHAM. Practice in Supreme Court.

An action on administrator's bond was referred to an auditor, and to his report exceptions were filed. By agreement, an order was taken, and the whole matter was referred to a Judge *pro hac vice*, with power in him to make and file a decree within thirty days, "and said parties shall have thirty days after the decree to except to the same." The decree was filed April 1, 1885. A bill of exceptions was tendered, which recited that it was within sixty days after the filing of the decree, and the Judge's certificate thereto was dated May 20, 1885. It appeared from the certificate of the Clerk that the March term of Court adjourned on March 13, to meet on the first Monday in May; that it then met, and finally adjourned on May 6.

Held, that the consent order limiting the time for exception to thirty

days from the judgment became the law of the case, and the bill of exceptions not having been tendered within that time, the writ of error must be dismissed.

Writ of error dismissed.

Crane & Jones, for plaintiff in error.

J. S. Dortch ; W. R. Little, for defendant.

## A FEW NEEDED REFORMS.

It occurs to me that the laws of Georgia need amendation, *inter alia*, in these particulars:

I. Plaintiff (Code, §3332,) or complaintant, (§4175,) is to plainly set forth his case. Defendant is to have a copy thereof fifteen days before appearance term. (§3339, Acts 1882–'83, p. 49.) At law, defendant is to answer fully on or before the last day of appearance term (§3452) in equity, within thirty days after such term, unless he has a demurrer or plea pending, and then after determination thereof, (§4194.) The object of these provisions is that the litigant shall state his case, and his whole case, *in limine*. It never was intended he should state part, and then eke out the rest by amendment, as, under our elastic statute of jeofails, he now may. That statute (§3479) allows a party to amend his pleadings, as matter of right, at any stage of the case, in all respects, whether in form or substance, if there be enough to amend by.

Let us look at the operation of this act. B. is sued. One section of the Code (§3452) says that at the first term he shall make his defense in writing, plainly, fully, and distinctly stating the same, and setting out as many several matters as he shall think necessary. Another section (§ 3458,) says the plea of the general issue shall be considered as filed in all cases answered to at the first term. The Supreme Court says (68 *Ga.* 74,) that if, at the first term, the Court would "answer," or defendant's counsel enter his name on the docket, this is equivalent to filing the plea of the general issue, and "the plea of the general issue thus being, in the eye of the law, in it follows that the same may be amended by building on it any other plea at any stage of the cause." (*Id.* 78.)

Such being the law, B. has his counsel mark his name on the docket at the first term, only this, and nothing more. The real defense lies *perdu*. At the trial term, in comes B, on the back of the statute of jeofails, with his real defense, a formal plea in writing, setting up matters plaintiff cannot possibly meet on the spur of the moment, having